IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRANK H. CANTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:21-cv-693 |
| AMERICAN BLUE RIBBON | ) | |
| HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW the Plaintiff, Frank H. Cantrell (hereinafter "Plaintiff"), by and through the undersigned, and hereby file this lawsuit against American Blue Ribbon Holdings, LLC (hereinafter "Defendant") pursuant to §216(6) of the Fair Labor Standards Act (hereinafter "FLSA") claiming unpaid wages based on the following:

## PARTIES

1.  Plaintiff Frank H. Cantrell (hereinafter "Cantrell") resides in the state of Alabama.

2.  Defendant American Blue Ribbon Holdings, LLC (hereinafter "American Blue Ribbon") maintains its principal place of business in Tennessee but operates O'Charleys restaurants throughout Alabama, including in this district where Plaintiff worked.

1

3. Defendant American Blue Ribbon employed Mr. Cantrell within the meaning of the FLSA at all times material to this Complaint.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b).

5. Defendant is subject to personal jurisdiction in the State of Alabama for purposes of this lawsuit because they operate their business in this District.

6. At all times material to this action, Defendant was engaged in commerce or in the production of goods and delivery of services for commerce as defined by §203(s)(1) of the FLSA.

## STATEMENT OF FACTS

7. American Blue Ribbon represents that it operates restaurants throughout the Southeast and is dedicated to the provision of hospitality services, including O'Charleys.

8. Mr. Cantrell worked for Defendant during the two and three year periods preceding the filing of this complaint.

9. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to obtain equitable and injunctive relief and to remedy Defendant's violations of the wage provisions of the FLSA. As a result of these

violations, Defendant has deprived Mr. Cantrell of his lawful minimum and/or overtime wages.

10. For at least three years prior to filing this Complaint, Defendant has required Cantrell, and others similarly situated, to work over forty (40) hours in a week for a fixed salaried amount and for no additional compensation for overtime hours worked.

11. During this period of time, Cantrell routinely worked in excess of forty (40) hours a week, with his normal workweek consisting of 50 to 60 hours of work, and sometimes as high as 70 hours of work.

12. Cantrell frequently worked six to seven days a week while employed with Defendant.

13. Cantrell was effectively terminated from his employment with Defendant in or around June 2021 after complaining about illegal practices of the Defendant, including improper pay.

14. Cantrell spent the vast majority of his time performing manual labor tasks, including but not limited to waiting tables, preparing food, delivering food, mopping, cleaning the restaurant, washing dishes, restocking supplies, and cooking.

15. In his work, Cantrell's discretion and independent judgment with regard to matters of significance and magnitude were significantly restricted by company policy and/or management.

16. Cantrell's job duties were not administrative or clerical in nature, but instead required hands-on laborious work.

17. Cantrell was not required to possess any type of advanced degree or knowledge normally obtained through specialized and prolonged intellectual instruction. His job description requires only a high school degree or equivalency.

18. 29 CFR § 541.301(d) states that the best prima facia evidence that an employee satisfies the criteria for exemption as a professional is his or her possession of the appropriate academic degree.

19. For purposes of this litigation, the knowledge required to accomplish the work performed by Cantrell was attainable through on-the-job work experience only, with no additional prolonged intellectual course instruction.

20. This bears out in Defendant's own job advertisements, which evidence that individuals are eligible to work as a manager without any degree or prolonged intellectual course instruction.

21. Cantrell does not hold a college degree.

22. Nonetheless, Defendant evidently claimed the professional exemption for Cantrell and his similarly situated co-workers.

23. As such, Defendant intentionally misclassified Cantrell as overtime exempt.

24. Moreover, Cantrell never received the same pay as those performing the same duties, with him receiving significantly less and did not receive overtime pay he was entitled.

## CAUSE OF ACTION

## VIOLATION OF FAIR LABOR STANDARDS ACT

25. Plaintiff seeks unpaid overtime compensation, an equal amount as liquidated damages, plus attorneys' fees, and costs, pursuant to 29 U.S.C. §216(b).

26. At all times relevant to this action, Defendant was the "employer" of Plaintiff as defined by § 203(d) of the FLSA.

27. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA, and he worked for Defendant within the United States within three years preceding the filing of this lawsuit.

28. The FLSA provisions set forth in §§ 206 and 207, respectively, apply to Defendant's non-exempt employees, including Plaintiff.

29. As additional evidence that Defendant intentionally failed and/or refused to pay Plaintiff according to the provisions of the FLSA, Plaintiff points to the fact that he complained to management that he was not paid correctly and was eligible for overtime compensation. Despite his notices, Defendant made no change to Plaintiff or other similarly situated employees' compensation.

30. Defendant did not pay Mr. Cantrell overtime compensation for work performed in excess of 40 hours in any week.

31. Lastly, Plaintiff also seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, finding that Defendant's actions misclassifying its restaurant on site manager employees as described in this complaint, are unlawful and in violation of the FLSA, regardless of the location of any facility within the United States or United States territories.

**WHEREFORE**, Cantrell prays for the following relief:

A. Plaintiff be awarded damages in the amount of his respective unpaid compensation (overtime and/or minimum wages), plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and/or prejudgment interest if no liquidated damages are awarded;

B. Award Plaintiff reasonable attorneys' fees, including the costs and expenses of this action;

C. Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant's actions, as described in the complaint, are unlawful and in violation of the FLSA and applicable regulations, regardless of a facility's location within the United States or United States territories; and

D. Such other legal and equitable relief to which he may be entitled.

Case 2:21-cv-00693-ECM-SRW   Document 1   Filed 10/17/21   Page 7 of 7

Respectfully submitted on this the 11th day of October 2021.

_____
Jamie A. Johnston
Attorney for Plaintiff

**OF COUNSEL:**

Jamie A. Johnston, P.C.
509 Cloverdale Road, Suite 101
Montgomery, Alabama 36106
334.202.9228
334.265.8789 – facsimile
jamie@jjohnstonpc.com

**MAILING ADDRESS:**
PO Box 4663
Montgomery, Alabama 36103