IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK H. CANTRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:21-cv-693-ECM |
| ) | (WO) |
| AMERICAN BLUE RIBBON ) | |
| HOLDINGS, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Frank H. Cantrell ("Cantrell") filed this action against American Blue Ribbon Holdings, LLC ("American Blue Ribbon") alleging that he had been underpaid in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*. He seeks unpaid overtime wages, liquated damages, injunctive relief, and attorney fees.

The Court has jurisdiction over this matter pursuant to its federal question jurisdiction, 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations to support both.

This action is now pending before the Court on the parties' joint motion to stay pending arbitration (doc. 7) filed on November 9, 2021. When Cantrell was hired by American Blue Ribbon, he signed an arbitration agreement that "applies, without limitation, to disputes regarding the employment relationship, . . . compensation, . . . and claims arising under the . . . Fair Labors Standards Act." (*Id*. at Ex. A, at 2). "[T]he parties have agreed that all disputes related to Plaintiff's employment with Defendant, including his federal statutory

claims, shall be settled by binding arbitration." (*Id*. at 2, para. 2). Thus, the parties ask the Court to stay this case pending arbitration. (*Id.* at 2).

Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The parties agree that a valid agreement to arbitrate exists between the parties, and they do not dispute that the arbitration provisions satisfy the FAA's requirement of a contract "involving commerce." *Id*. The Court is empowered pursuant to 9 U.S.C.§ 3 to stay this action while the parties submit to arbitration. Consequently, the Court concludes that the parties' joint motion to stay this action pending arbitration pursuant to Section 3 of the Federal Arbitration Act should be granted.

Accordingly, upon consideration of the motions, and for good cause it is

ORDERED that the parties' joint motion to stay (doc. 7) is GRANTED and this case is STAYED pending further order of the Court. It is further

ORDERED that on or before the fifth day of each month, beginning on **June 1, 2022**, the parties shall file a joint status report advising the Court of the status of the arbitration.

Done this 13th day of December, 2021.

                                               /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE